No. 10-1925

IN THE

# United States Court of Appeals
*for the*
# Fourth Circuit

―――――――――――

CHASITY HUTCHINSON,

*Appellee (Plaintiff)*,

*v.*

WEST VIRGINIA STATE POLICE, *et al.*,

*Appellants (Defendants)*.

―――――――――――

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**SURREPLY TO OBJECTIONS TO DOCKETING STATEMENT**

MICHAEL MULLINS
ROBERT BAILEY *(ON BRIEF)*
STEPTOE & JOHNSON PLLC
CHASE TOWER
P.O. BOX 1588
CHARLESTON, W. VA. 25326-1588
(304) 353-8000

*Counsel for Appellants.*

## I.  ANALYSIS

In her reply, Appellee now suggests that the reason Appellants' docketing statement is objectionable is because Appellants never actually asserted their entitlement to state-law qualified immunity below.  This is false.

In pertinent part, this lawsuit is no different than an untold number of similar ones that have preceded it.  As is typically the case, Appellee included in her complaint both federal- and state-law claims, nearly all of which have wholly or partly overlapping legal elements and, thus, overlapping governing legal analysis.  Because the federal and state standards both for qualified immunity overall and for analysis of the steps thereof (whether there was a violation of the law, and if so whether that law was clearly established at the time) are (with one relevant exception, *infra*) identical, Appellants focused their analysis on the federal cases that *de jure* control the federal-law questions and (since West Virginia courts follow those cases) that *de facto* control the state-law questions.

Appellants then noted in their brief that for all of the same reasons as were applicable to the federal analysis, the Individual Appellants were also entitled to state-law qualified immunity, and (the one difference between the two bodies of law) that the Official-Capacity Appellants (the State of West Virginia and the

1

troopers in their official capacities) were also entitled to state-law qualified immunity. (Defs.' Mem. In Support of Defs.' Mot. for Summ. J. at 17 n.23.)[1]

Apparently, Appellee would have had Appellants double—or even triple—the length their brief, rearguing the entire qualified immunity analysis in the context of the state constitutional and then state common-law claims, substituting state cases for federal ones, and reaching identical results.[2] Thankfully for both parties and courts alike, the law does not require such multi-briefing. Appellants asserted and adequately briefed their entitlement to both federal *and* state qualified immunity, Appellee's assertion that "[t]he grounds for [Appellants'

---

[1] Judge Bailey's order in *Bosley v. Lemmon*, 656 F. Supp. 2d 582 (N.D. W. Va. 2009), is typical. After a detailed analysis of the plaintiff's federal constitutional claims, since the substantive state constitutional and common-law standards were all but identical to the federal constitutional standards (*all* requiring officers to act reasonably), he quickly concluded that "[a]s plaintiffs have failed to present a genuine issue of material fact that could strip defendant Mills of his qualified immunity, plaintiffs' state constitutional and common law claims must dismissed as a matter of law." *Id.* at 596.

[2] To the extent that Appellee's brief is based on a constitutional/common-law dichotomy, rather than a federal/state one, the result is the same, because while qualified immunity is more commonly raised in the context of alleged constitutional violations (if for no other reason than that post-*Erie*, federal common-law claims are scarce), it is beyond cavil that the doctrine applies equally to federal and state constitutional and common law claims. *See, e.g.*, *cf.* syl. pts. 2 & 6, *Clark v. Dunn*, 195 W. Va. 272, 465 S.E.2d 374 (1995) (West Virginia); syl. pt. 8, *Parkulo v. W. Va. Bd. of Prob. & Parole*, 199 W. Va. 161, 483 S.E.2d 507 (1996) (same); *Capone v. Marinelli*, 868 F.2d 102, 106 (3d Cir. 1989) ("Qualified immunity covers civil liability claims brought against police officers under both 42 U.S.C. § 1983 and the common law. *See Pierson v. Ray*, 386 U.S. 547, 557 (1967).") (parallel citations omitted).

2

state-law] defense were premised entirely upon state sovereign immunity" (Appellee's Reply at 4) is incorrect, and her objection lacks factual and legal merit.

## II. CONCLUSION

Accordingly, Appellants respectfully request the Court to **OVERRULE** Appellee's objection.

                          **APPELLANTS,**

                          **By Counsel**

                          s/Michael D. Mullins

| | |
|---|---|
| **STEPTOE & JOHNSON PLLC**<br>*Of Counsel* | Michael D. Mullins (W. Va. Bar #7754)<br>Robert L. Bailey (W. Va. Bar #8902) (*on brief*)<br>707 Virginia St. E, Suite 715<br>P.O. Box 1588<br>Charleston, W. Va. 25326-1588<br>Phone:    (304)353-8000<br>Facsimile:  (304)353-8180 |

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**CHASITY HUTCHISON**,

      *Appellee*,

v.                                                                                     **No. 10-1925**

**WEST VIRGINIA STATE POLICE,** *et al.*,

      *Appellants*.

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September 2010, I electronically filed the "Surreply to Objections to Docketing Statement" with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

| | |
|---|---|
| Leah Macia, Esquire<br>Spilman Thomas & Battle PLLC<br>300 Kanawha Blvd., East<br>Charleston, WV  25301<br>lmacia@spilmanlaw.com | Terri S. Baur<br>ACLU of West Virginia Foundation<br>P.O. Box 3952<br>Charleston, WV 25339<br>terriaclu@aol.com |
| Georgia Lee Gates, Esquire<br>Attorney at Law<br>P.O. Box 1013<br>Millersville, MD  21108<br>georgialeegates@aol.com | |

                                                               s/Michael D. Mullins